# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 4360 | **DATE** | 10/3/2002 |
| **CASE TITLE** | Michael Holmes vs. David Nigro | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Memorandum Opinion and Order entered. Defendant's Bill of Costs be, and the same is, GRANTED in part, and DENIED in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 07 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 97 |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| AC | courtroom deputy's initials | 02 OCT -5 PM 5:38 U.S. DISTRICT COURT | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL HOLMES,

    Plaintiff,

v.

DAVID NIGRO,

    Defendant.

97 C 4360
MAGISTRATE JUDGE KEYS

DOCKETED
OCT 0 7 2002

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is Defendant's Bill of Costs, filed pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. Defendant prevailed at trial against Plaintiff, who claimed that Defendant had arrested him without probable cause and had conducted an improper search. For the reasons set forth below, the Court grants Defendant's Bill of Costs in part, and denies Defendant's Bill of Costs is part.

**BACKGROUND**

On June 18, 1997, Plaintiff filed suit against Defendant, a Chicago police officer, alleging that Defendant arrested him without probable cause and conducted an unlawful search. On February 13, 2001, Judge Nordberg entered summary judgment in favor of Defendant on Plaintiff's lack of probable cause charge. The parties proceeded to trial on Plaintiff's remaining claim.

This Court presided over the jury trial, and on February 12, 2002, the jury returned a verdict in favor of Defendant and

against Plaintiff, finding that Plaintiff had failed to prove that Defendant had conducted an unlawful search. Defendant submitted a Bill of Costs on March 12, 2002.

**DISCUSSION**

Rule 54(d) of the Federal Rules of Civil Procedure provides that costs[1], other than attorneys fees "shall be allowed as of course to the prevailing party." *Payne v. Milwaukee County*, 288 F.3d 1021, 1027 (7th Cir. 2002)(quoting Fed. R. Civ. P. 54(d)). *See also Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000) (there is a heavy presumption in favor of awarding costs to the prevailing party). Plaintiff does not dispute that Defendant is a prevailing party, or that he is entitled to recover his reasonable costs for defending against Plaintiff's lawsuit. Instead, Plaintiff objects to several entries on Defendant's Bill of Costs as unreasonable.

First, Plaintiff challenges as excessive Defendant's claim of $803.00 for court reporting costs. Plaintiff contends that he should not be penalized for the fact that Defendant hired an expensive reporting service, which charges $2.85 per page for deposition testimony, when Plaintiff was able to hire a similar,

---

[1] Federal law permits prevailing parties to recoup the following costs: 1) fees of the clerk and marshal; 2) fees for court reporters and transcripts; 3) fees for printing and witnesses; 4) fees for copies of papers necessarily obtained for use in the case; 5) docket fees; and 6) compensation of court-appointed experts and interpreters. 28 U.S.C. § 1920 (West 2002).

less expensive service, which charges only $2.00 per page.

Defendant correctly points out that Plaintiff is comparing apples to oranges, by contrasting Defendant's court reporting service's charge for originals and Plaintiff's court reporting service's charge for copies. As further evidence that the charges are reasonable, Defendant notes that even Plaintiff's service charges $3.00 per page for originals. More importantly, the Judicial Conference Rates for original deposition transcripts is $3.00 per page, and Defendant's service's charge falls safely within that range. *Cengr v. Fusibond Piping Sys.*, Inc., 135 F.3d 445, 455-56 (7th Cir. 1998); *see also* Loc. R. 54.1(b) ("the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States.") Therefore, the Court rejects Plaintiff's claim that the rate is excessive.

Next, Plaintiff claims that Defendant's charge of $.20 per page for copying costs is excessive, noting that a commercial copier, located just one block from Defendant's counsel's offices, charges only five to ten cents per page. Defendant counters that other courts in this District have allowed copying charges as high as $.20 per page.

Defendant's argument ignores Seventh Circuit precedent instructing that charges for in-house copying may not exceed the

charges of an outside printshop, unless the party can demonstrate why the higher in-house charge is appropriate. *Manley v. City of Chicago*, 236 F.3d 392, 398 (7th Cir. 2001); *Martin v. United States*, 931 F.2d 453, 455 (7th Cir. 1991). Because Defendant has failed to explain why its higher rate is appropriate, the Court will reduce Defendant's in house copying costs from $.20 to $.10 per page.[2]

Plaintiff's attack on Defendant's copying costs is not limited to the page rate. Plaintiff also contends that Defendant seeks to recover costs for copying unnecessary documents, such as its Motion to Strike Plaintiff's Request to Admit. Upon review of the contested documents, the Court disagrees that it was inappropriate or unreasonable for Defendant to copy these documents, and that these documents were superfluous to the litigation that Plaintiff initiated.

Plaintiff then asserts that Defendant inappropriately claims excessive deposition, trial, and subpoena fees. Plaintiff argues that it was unnecessary for Defendant to subpoena Plaintiff's mental health records because Defendant did not use these records at trial. Plaintiff conveniently glosses over the fact that the reason Defendant did not introduce these records at trial was

---

[2] Although this Court has permitted parties to recover higher per page copying costs, Defendant has failed to carrying its burden of demonstrating that its costs were reasonable, despite Plaintiff's evidence to the contrary.

4

because Plaintiff stipulated to Defendant reading into evidence statements from some of those records *after trial began.* The Court finds that the subpoena was appropriate and reasonable, and that Plaintiff must bear the cost for its issuance.

Similarly, Plaintiff's challenge to the costs associated with Defendant subpoenaing records from Plaintiff's former employer is without merit; Plaintiff made his previous employment an issue with respect to damages in his responses to interrogatories. The charge is, therefore, recoverable.

Finally, Plaintiff objects to certain "other costs" that Defendant seeks to recover. Specifically, Plaintiff claims that Defendant should not be permitted to recover the costs associated with obtaining: 1) a copy of Plaintiff's mental health records from Read Hospital; 2) the transcript of the underlying criminal proceeding; and 3) a copy of a complaint filed by Plaintiff in another case. The Court disagrees. With regard to Plaintiff's mental health records and the transcript for the underlying criminal trial, the Court finds that these documents were relevant to Defendant's defense, and that counsel's review of these records was both reasonable and pertinent.

The relevance of a complaint in an unrelated matter is less obvious, and had Plaintiff disclosed this lawsuit in response to discovery, the Court would not allow the charge. But Plaintiff withheld this information, and, under such circumstances, the

Court will permit Defendant to recover its costs for evaluating whether the complaint, and the corresponding lawsuit, were at all relevant to the present suit.

## CONCLUSION

Defendant convinced the district court that Plaintiff's "lack of probable cause" claim was lacking in merit, and then convinced a jury that Plaintiff had failed to prove that Defendant conducted an unlawful search. As a prevailing party, Defendant is entitled to recover his reasonable costs. The Court finds thatw Defendant's costs are, largely, reasonable, but reduces his recoverable copying costs from $122.80 to $61.40. Therefore, the Court grants Defendant's costs in the amount of $1252.40.

**IT IS THEREFORE ORDERED** that Defendant's Bill of Costs be, and the same hereby is, GRANTED in part, and DENIED in part.

DATED: October 3, 2002      ENTER:

ARLANDER KEYS
United States Magistrate Judge